Judy **DAVILLA,** Plaintiff,

v.

**THINLINE COLLECTIONS, LLC; Kenneth W. Burton; and Burton Law Office,** Defendants.

No. C–05–01206 RMW.

United States District Court, N.D. California.

Aug. 25, 2005.

Ronald Wilcox, Attorney At Law, San Jose, CA, for Plaintiff.

Kenneth W. Burton, Ogden, UT, Pro Se.

## ORDER GRANTING MOTION FOR COSTS OF SERVICE AND ATTORNEY'S FEES

WHYTE, District Judge.

Plaintiff Judy Davilla moves for the costs of service of process on defendants Thinline Collections, Kenneth Burton, and Burton Law Office, and the costs of filing this motion to recover costs, including attorney's fees, pursuant to Federal Rule of Civil Procedure 4(d)(2) and (5). Defendants have filed no opposition. The court considers this matter appropriate for decision on the papers and vacates the hearing presently scheduled for September 2, 2005. For the following reasons, the court grants plaintiff's motion.

### I. BACKGROUND

On March 24, 2005, plaintiff filed a complaint against defendants, alleging that defendants violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by attempting to collect and collecting amounts not authorized by contract or by law, and sending false, deceptive, or misleading letters containing false threats of suit in an attempt to collect a debt.

On March 31, 2005, plaintiff sent a notice of request of waiver of summons, two copies of a waiver of service of summons, a self-addressed stamped envelope, and a copy of the complaint to defendants. On April 6,

counsel for defendants, Kenneth Burton (also personally named as a defendant in plaintiff's complaint), contacted plaintiff's counsel, Ronald Wilcox, to discuss the merits of the complaint. On April 13, plaintiff's counsel faxed a letter to defendants regarding the failure to return the waiver of summons. On May 30, Mr. Burton stated that defendants would not waive service. Plaintiff then employed a private process server, who personally served Burton and the Burton Law Office on June 8, 2005.[1]

Plaintiff now moves for attorneys' fees in the amount of $900.00 and private service costs totaling $170.28 incurred as a result of defendants' failure to return the waiver of service of process.

### II. ANALYSIS

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that defendant waive service of summons. Once notified, a defendant "has a duty to avoid unnecessary costs of serving the summons." Fed.R.Civ.P. 4(d)(2). The plaintiff "shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent." Fed.R.Civ.P. 4(d)(2)(F). If the defendant does not comply with the request, "the court shall impose costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed.R.Civ.P. 4(d)(2)(G). Rule 4(d)(5) provides that the costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h) together with the costs including a reasonable attorney's fee, of any motion required to collect the costs of service. Fed. R.Civ.P. 4(d)(5).

The record clearly shows that defendants failed to comply with the provisions set forth

---

1. Plaintiff does not submit documentation to support assertions regarding the oral and written exchanges between counsel. However, because the assertions are uncontested and generally supported by the accompanying declaration of plaintiff's counsel, the court credits the account.

in the rule. In addition, plaintiff has met and conferred with counsel for defendants, followed the appropriate procedures, and set forth the costs incurred as a result of defendants' lack of compliance. Counsel for plaintiff, Ronald Wilcox, attests that he spent 3 hours in preparing the motion for reimbursement of costs, which, at his hourly rate of $300.00, totals $900.00. *See* Declaration of Ronald Wilcox ("Wilcox Decl.") ¶ 9. Wilcox also attests that the costs of for private process service was $170.28. *Id.* ¶ 11.

Because defendants failed to comply with plaintiff's request for waiver of service of summons, and because they have not shown good cause for the failure, the court finds that plaintiff is entitled to reimbursement of costs and an award of reasonable attorney's fees in preparing this motion. *See, e.g., Kennemer v. Jefferson Autoplex, L.L.C.,* 2004 WL 1291185 at *2, 2004 U.S. Dist. LEXIS 10623 at 5-6 (D.La.2004) (awarding costs and attorneys' fees to plaintiff pursuant to Rule 4(d)(2) and (5) for defendant's failure to return waiver of service of summons); *Graves v. Church of the Lord Jesus Christ of the Apostalic Faith, Inc.,* 2003 U.S. Dist. LEXIS 25495, 2003 WL 21659168 at *1 (E.D.Pa.2003) (same); *Ferguson v. Interpublic Group., Inc.,* 1998 WL 150661 at *1, 1998 U.S. Dist. LEXIS 3992 at *1-2 (S.D.N.Y.1998) (same).

### III. ORDER

For the foregoing reasons, the court GRANTS plaintiff's motion. The Court awards costs in the amount of $170.28 and attorney's fees in the amount of $900.00.