**Steven SCHALLER, et al., Plaintiffs,**

v.

**NATIONAL ALLIANCE INSURANCE COMPANY, et al., Defendants.**

**No. 3:05CV093.**

United States District Court,
S.D. Ohio,
Western Division.

July 10, 2007.

Robert Forsythe Croskery, Croskery Law Offices, Cincinnati, OH, for Plaintiffs.

Randall J. Moore, Roetzel & Andress, Akron, OH, Barry Alan Mentser, Columbus, OH, for Defendants.

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION TO RECOVER COSTS OF SERVICE FROM DEFENDANT NATIONAL ALLIANCE INSURANCE COMPANY (DOC. # 25)

RICE, District Judge.

Plaintiffs own two vehicles which have been insured by Defendant National Alliance Insurance Company ("National"). While driving one of those vehicles, an expensive motor home, on Interstate 75 north of Dayton and towing the other, Plaintiff Steven Schaller fell asleep, which resulted in an accident and caused both vehicles to suffer damage. Doc. # 1, ¶¶ 11–13.[1] Plaintiffs allege that the damage was covered by the insurance policy National had issued for those vehicles. *Id.*, ¶ 14. After the accident, National hired two agents to come to this area to appraise the vehicles. *Id.*, ¶¶ 17 and 19. The first appraiser stated that the motor home would be very expensive to repair and, as a result, would probably be "totaled." *Id.*, ¶ 18. The second appraiser, Defendant Tom Bailey ("Bailey"), indicated that the motor home could be repaired for $6,235.19. *Id.*, ¶ 21. However, Bailey failed to include, in his estimate, all the damages the motor home had sustained. *Id.*, ¶¶ 25–27. In spite of this, based upon

---

1. These are the facts, as alleged in the Plaintiffs' Complaint. They are taken as true here, solely for the purposes of providing context for this Decision and Entry.

the Bailey's representations, Plaintiffs agreed to have the motor home repaired at Eastgate Ford. *Id.*, ¶¶ 22–23. While at that facility, the motor home suffered further damages as a result of being vandalized. *Id.*, ¶ 24. The Plaintiffs have demanded that National replace the motor home, in accordance with provisions in the policy; however, the insurer has refused. *Id.*, ¶ 29. National moved for dismissal arguing that the Plaintiffs had failed to serve it in a timely manner. Docs. # 8 and # 23. The Court overruled National's motions, concluding that the Plaintiffs had shown good cause for their failure to serve National within the 120 days of filing their Complaint mandated by Fed.R.Civ.P. 4(m). Doc. # 43 at 5. This matter is now before the Court on the Plaintiffs' Motion to Recover Costs of Service from the Defendant National Insurance Company. Doc. # 25. Based on the reasoning and legal authority herein, the Plaintiffs' Motion is SUSTAINED.

## I. BACKGROUND

Plaintiffs filed the instant Complaint on August 17, 2004. Doc. # 1. Sometime in the last week of October, Jennifer Sershion, secretary to Plaintiffs' counsel, phoned National to inquire about the proper agent for service. Doc. # 18, Affidavit of Jennifer Sershion, ¶ 2. During that conversation, Sershion was told that service of process for lawsuits against National should be directed to Al Schuler, an employee of GMAC Insurance, the company that had recently purchased National. *Id.*, ¶ 3. That same week, Sershion mailed a Notice of Lawsuit and Request for Waiver of Service of Summons to Schuler at the address provided. *Id.*, ¶¶ 3–4. The Notice was delivered on November 1, 2004. *Id.*, ¶ 4. Despite those attempts to contact National, it did not respond to the Notice and Request for Waiver sent to Schuler. *Id.*, ¶ 5.

On January 19, 2005, the Plaintiffs, with the aid of a process server, again attempted to serve National, this time seeking out Sheena Poe, their new statutory agent in Missouri. *Id.*, ¶ 6. The Plaintiffs were told that Poe was in North Carolina, and that they would have to serve her there. *Id.*, ¶ 7. Plaintiffs attempted to serve Poe in North Carolina, again with the aid of a process server. *Id.*, ¶¶ 10–12. On February 21, 2005, after repeated calls and visits to Poe's office over the course of a week, Plaintiffs were able to serve her. *Id.*, ¶¶ 13–14. On February 24, 2005, Plaintiffs' counsel telephoned GMAC Insurance Company and asked to speak to Al Schuler. Doc. # 14, Affidavit of Robert Croskery, ¶ 5. During the course of their conversation, Croskery asked Schuler if he had received the summons and complaint. *Id.*, ¶ 7. Schuler acknowledged that he had, and informed Croskery that he had forwarded them to corporate counsel. *Id.*, ¶¶ 7–8.

Plaintiffs argue that National failed to respond to its Request for Waiver of Service of Process, and now seek to recover the cost of service as provided in Fed. R.Civ.P. 4(d). Doc. # 25. National argues that it was not timely served, because Schuler was not authorized to accept service of process, and that, consequently, the Plaintiffs are not entitled to recover the costs associated with the service of process. Doc. # 27.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that defendant waive service of summons. Once notified, a defendant "has a duty to avoid unnecessary costs of serving the

summons." Fed.R.Civ.P. 4(d)(2). The plaintiff "shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent." Fed.R.Civ.P. 4(d)(2)(F). If the defendant does not comply with the request, "the court shall impose costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed. R.Civ.P. 4(d)(2)(G). Rule 4(d)(5) provides that the costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs including a reasonable attorney's fee, of any motion required to collect the costs of service. Fed.R.Civ.P. 4(d)(5).

## III. ANALYSIS

National argues that the Plaintiffs' motion must fail because Schuler · was not authorized by it to receive service of process. Doc. # 27. In support of that argument, it offers his Affidavit. Doc. # 27, Ex. A. However, the Affidavit provided by Schuler is not probative of the question now before the Court. In that Affidavit, Schuler avers that he is not an employee of National, and that he is not authorized to receive service of process on its behalf. *Id.*, ¶¶ 2 and 4. However, the question before the Court is not whether Schuler is now authorized to accept service ·of process, but whether he was so authorized at the time that the Plaintiffs attempted to serve him.

The Plaintiffs have presented evidence, undisputed by National, indicating that: they were informed by National that Schuler was authorized to receive service of process; they attempted to serve him in a timely manner; he received said service; and, National failed to respond in a timely fashion. It is, therefore, clear that, during the relevant time period, he *was* author-

ized by appointment to waive service of process in this case. The undisputed evidence before the Court indicates that National failed to comply with the Plaintiffs' request for waiver of service of summons, and they have not shown good cause for the failure. Consequently, the Court finds that the Plaintiffs are entitled to reimbursement of the costs associated with service, and an award of costs and reasonable attorney's fees in preparing this motion. *See, Davilla v. Thinline Collections, LLC,* 230 F.R.D. · 601, 2005 WL 2045793 (N.D.Cal.2005) (awarding costs and attorneys' fees to plaintiff pursuant to Rule 4(d)(2) and (5) for defendant's failure to return waiver of service of summons); *see also, Kennemer v. Jefferson Autoplex, L.L.C.,* 2004 WL 1291185 (D.La.2004) (same); *Graves v. Church of the Lord Jesus Christ of the Apostalic Faith, Inc.,* 2003 WL 21659168 (E.D.Pa.2003) (same); *Ferguson v. Interpublic Group., Inc.,* 1998 WL 150661 (S.D.N.Y.1998) (same).

The Plaintiffs seek costs and fees in the amount of $914.04. Doc. # 25 at 1. However, the itemized costs include 2.7 hours of attorney work time billed at $265.00 per hour, $200 for ·process servers, $69.54 in overnight mail delivery charges, and $10 for long distance telephone charges, totaling $995.04. *See,* Doc. # 25 at 7; *see also,* Doc. # 18, ¶¶ 7–8, 10, 12 and 15. National does not argue that the costs sought by the Plaintiffs are unreasonable. The Court will assume that the disparity between the total requested by the Plaintiffs and the total of their itemized costs and fees is a mathematical error on the part of the Plaintiffs, and awards them all of the costs and fees that they are entitled to by law.

## IV. CONCLUSION

Plaintiffs Motion to Recover Costs of Service from Defendant National Alliance

Insurance Company (Doc. # 25) is SUS-TAINED. National is hereby ordered to pay to Plaintiffs $995.04, the Plaintiffs' costs in effecting service together with the costs of this motion to collect the costs of service, including a reasonable attorney's fee.